## TEXAS & ST. LOUIS R'Y., v. J. M. REED AND WIFE.

### COURT OF APPEALS, TYLER TERM, 1882.

*Right of Way—Trespass by Railway—Parties—Charge—Damage to Crops.—* Where the suit was originally brought for damages to land, alleged to be the separate property of the wife, she was not improperly joined with her husband as a plaintiff, but where, by amended petition, the original cause of action is abandoned, and plaintiffs claim injuries done to crops, injuries done to the feelings of the husband, and for exemplary damages, it was an error to entertain the suit in this shape, as the husband alone could be permitted to prosecute it.

*Same.—*The measure of damages for damage to crops would be the actual value of that portion of the crop which was injured or destroyed, at the time of such injury or destruction, with legal interest upon the amount from that date.

See charge held erroneous for want of evidence to support it.

Appeal from Navarro county—Opinion by Willson, J.—Appellants graded its road through a tract of land in Navarro county, belonging to Dixie Reed, wife of John M. Reed, without obtaining from said Reed and wife a conveyance of the right of way, but the grading was done without objection from appellees.

After the grading was done, appellant filed a petition in the County Court of Navarro county, asking for a condemnation of appellees' land for the right of way. Commissioners were appointed in accordance with the statute to assess the damages to the land, etc.

Before the cause was heard before the commissioners, appellees began the present suit by applying to the County

Court of Navarro county for a writ of injunction to restrain appellant from building its road across said land. A temporary injunction was granted, but before it was served appellant had completed the construction of the road across the land and had the road in operation,

Two days after the issuance of the injunction, the commissioners who had been appointed to assess the damages to the land, heard the cause, and awarded appellees $200 as their damages.

To this award appellees filed objections and removed the cause into the County Court for trial by jury, where it was tried and resulted in a verdict for appellees for $200. Upon the award of the commissioners, appellant tendered to appellees the amount awarded, and upon their refusal to receive it, paid the same into court by order of the court. It seems that this suit, as it was originally brought, was an action of trespass for damages done to the land of appellee, Dixie Reed, by appellants, by entering upon said land and grading their road thereon, and appellees sought to recover damages and also to enjoin and restrain the appellant from the further construction of its road across the land.

After the institution of this suit, the commissioners appointed to assess the damages to the land made their award, from which appellees appealed and upon the appeal they recovered judgment for $250, and also in the meantime, appellant had completed the construction of its road across the land. At this point in the litigation, the appellees filed an amended petition in this suit, whereby they virtually abandon their original cause of action, and claim damages for injuries done to crops upon the lands and for personal injuries to appellee, John M. Reed and wife, and also for exemplary damages.

The jury returned a verdict in their favor for actual damages $85, and for exemplary damages $85, and for which judgment was rendered against appellant, and from that judgment appellant prosecutes this appeal. We shall determine such only, of the numerous assignments of error as we deem of importance and necessary to a future trial of the case.

The suit as it was originally brought was for damages to

land, which was alleged to be the separate property of the wife, Dixie Reed. We think the wife was not improperly joined in the original suit as a plaintiff. (Sayles & Bassett, Pl. and Pr., Sec. 269.) But the amended petition of appellee abandons the original cause of action and claims injuries done to crops, and for injuries done to the feelings of appellee, Jno. M. Reed, and for exemplary damages. This amendment changed entirely the character of the suit, and presented a state of facts which rendered the further joinder of Dixie Reed as a plaintiff in the suit improper and fatal to the suit.

The right of action as set forth in the amended petition was alone in Jno. M. Reed, and he alone could be permitted to prosecute it. (Sayles & Bassett, Pl. and Pr., 278.)

It was error to enter the suit in this shape, and this error alone is sufficient to require a reversal of the judgment. We think the charge of the court was erroneous in several particulars.

1. It instructed the jury that they might find damages for appellees for the value of the use and occupation of the land from the time appellant entered thereon until the right of way was legally acquired. The charge was improper, because there was not a particle of evidence to prove the value of such use and occupation. 2. It instructed the jury that the appellees might recover damages for injury done the crops on the land by overflow. This was erroneous, because there was no allegation in plaintiff's pleading which would authorize it. 3. It instructed the jury to estimate what the crop would have made had it not been damaged, and the market value of the same, and then estimate what the crop did make, and the value of the same, and that the difference between the two would be the amount of damages to which plaintiff would be entitled. This charge is erroneous, because it does not state the correct rule for the measure of such damage, and because there was not a particle of evidence proving any of the matters submitted by it to the jury.

The measure of damages in a case like this, would, we conceive, be the actual value of that portion of the crop which was injured or destroyed at the time of such injury or destruction, with legal interest upon the amount from that date.

(2 Thompson, Neg. 1262, and cases cited.) 4. It instructed the jury that if the entry upon appellees' land was made maliciously, etc., and John M. Reed's feelings had been maliciously injured, and appellants had instigated or ratified the trespass, they might award exemplary damages against appellant. This was error, because there was no evidence which warranted such a charge, and because appellees, jointly, were not entitled to recover such exemplary damages.

We furthermore think that the court erred in refusing to give to the jury the several charges asked by appellant. We are of the opinion that these refused charges were applicable to the evidence, and were correct in principle.

Because of the several errors we have noticed, the judgment is reversed and the cause remanded.